WILLIAM A. SESSIONS AND ZENOBIA D. SESSIONS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sessions v. Commissioner
Docket No. 4230-80.
United States Tax Court
T.C. Memo 1981-319; 1981 Tax Ct. Memo LEXIS 439; 42 T.C.M. (CCH) 205; T.C.M. (RIA) 81319; June 22, 1981. James Stuart Youngblood, for the petitioners. Thomas F. Niles, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioners' 1977 Federal income taxes in the amount of $ 446.69. After concessions by the parties, the sole issue to be decided is the amount, if any, which petitioners may deduct for expenses incurred in maintaining *441 a home office. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulated facts and exhibits [1] are incorporated by this reference. Petitioners filed their joint Federal income tax return for the year in dispute with the Director of the Atlanta Service Center at Chamblee, Georgia. At the time they filed their petition in this case, petitioners resided in Atlanta, Georgia. Because the issue remaining for decision involves circumstancs concerning petitioner William A. Sessions alone, he will be referred to as "petitioner." Petitioner is a professor of English employed by Georgia State University (GSU) located in Atlanta, Georgia. Petitioner is given a private office by GSU in one of its buildings consisting of approximately 77 square feet. Although petitioner may use *442 the office at any hour, GSU shuts down its temperature controlling devices shortly before 10:00 p.m. weekdays, that being the end of class time. Petitioner's office is neither cooled nor heated during the weekends. Petitioner is expected byGSU to pursue scholarly activities including the writing of books or articles. Petitioner in fact has written both books and articles, and for some of them he has received compensation from persons other than GSU. In the taxable year before us, petitioner received $ 0.22 in royalties for his commercial writings. Petitioner's scholarly writings improve his standing in his profession and increase the esteem in which he is held by GSU administrators. Petitioner's merit raise of approximately 7 percent given him by GSU during the year in dispute reflected the GSU English Department chairperson's belief in petitioner's "continuing productivity as a teacher and a scholar." Much of petitioner's research and writing during that year was done in a room in petitioner's home. Respondent does not dispute that petitioner had an office in his home during the taxable year but does contest petitioner's right to deduct any expenses relating thereto. *443 The general rule is that "no deduction * * * shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer * * * as a residence." Section 280A(a). [2] Certain exceptions are provided, however, and petitioner contends that he comes within the terms of section 280A(c)(1)(A) which excludes from the general rule those deductions "allocable to a portion of the dwelling unit which is exclusively used on a regular basis * * * as the taxpayer's principal place of business." Petitioner contends that he has two distinct occupations, each enjoying its own principal place of business. Petitioner's primary trade or business is that of university professor, and his duties in connection therewith are principally carried out in his GSU office. Such being the case, petitioner is not entitled to claim his home office as his principal place of that trade or business even if we assume that he maintained that office for the convenience of GSU. See the last sentence of section 280A(c)(1). Petitioner argues, however, that he has a separate trade *444 or business -- that of research and writing -- and that his home office was the principal place of that trade or business, thereby entitling him to the benefits of section 280A(c)(1)(A). We find it unnecessary to decide whether petitioner in fact had two distinct trades or businesses because of the limitations of section 280A(c)(5). Subsection (c)(5) provides that, even if a taxpayer comes within the protection of subsection (c)(1)(A), "the deductions allowed * * * by reason of being attributed to [home office] use shall not exceed the excess of (A) the gross income derived from such use * * * over (B) the deductions allocable to such use which are allowable * * * whether or not such [home office] was so used." In the instant case, the parties agree that petitioner's royalties during the taxable year in issue amounted to $ 0.22. Petitioner contends that most, if not all, of the merit raise which he received from GSU should be deemed gross income from his research-and-writing trade or business. That contention, however, has an obvious built-in contradiction. Petitioner's salary from GSU (of which the merit raise was a part) was for being a member of the faculty. It may *445 well be that a meritorious part of being a professor is scholarly writing, but we are hard pressed to see how that fact transmutes his salary into something else -- a raise received for meritorious performance ofapart of one job cannot be compensation for another job. In view of the foregoing, even if petitioner could be considered as having two separate trades or businesses, his home office deductions would be at most $ 0.22 less the amount of petitioner's deductions allocable to the home office but allowable without regard to its business use. The burden of proof is upon petitioner, Rule 142(a), Tax Court Rules of Practice and Procedure, and he has introduced no evidence limiting the value of the subtrahend defined in section 280A(c)(5)(B). We note in this connection that petitioner claimed on his Federal tax return a deduction of $ 1.139 for interest on his home mortgage, and we suspect that at least $ 0.22 of that amount is allocable to the home office. In addition, we note that petitioner elected to compute his tax by rounding amounts to whole dollars and the deficiency determined by respondent was computed similarly. [3] Thus, even had petitioner met his *446 burden of proof and established that he was covered by section 280A(c)(1)(A), the resulting $ 0.22 deduction would not affect the amount of tax imposed, see section 301.6102-1(b), Proc. & Admin. Regs., nor reduce the amount of petitioner's deficiency, see section 6211(a). Decision will be entered under Rule 155. Footnotes
1. Many of the exhibits are statements by third parties and, under normal circumstances, would constitute inadmissible hearsay evidence. However, respondent has stipulated to these exhibits and neither at the time the case was submitted nor on brief offered any objections to the use of their contents as evidence of the truth asserted therein.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
3. One item in the Notice of Deficiency was computed without rounding to whole dollars. This item was the investment tax credit for certain depreciable property allowed by sections 38 and 46. Because respondent's computation of this credit worked to petitioner's advantage (that is, petitioner was better off without rounding), we do not decide whether respondent erred in failing to round. Cf. section 301.6102-1(b)(3), Rpoc & Admin. Regs.↩